| | |
|---|---|
| 1 | Jeffrey L. Davidson (SBN 56843) |
|   | jdavidson@jldlaw.com |
| 2 | Laura Lynn Davidson (SBN 209969) |
|   | ldavidson@jldlaw.com |
| 3 | LAW OFFICES OF JEFFREY L. DAVIDSON |
|   | 11755 Wilshire Boulevard, Fifteenth Floor |
| 4 | Los Angeles, California 90025 |
|   | (310) 445-8668 • Fax: (310) 473-0148 |
| 5 | |
|   | Attorneys for Plaintiff |
| 6 | Peter Mikhalev |
| 7 | Joseph R. Tiffany II (SBN 67821) |
|   | joseph.tiffany@pillsburylaw.com |
| 8 | Philip A. Simpkins (SBN 246635) |
|   | philip.simpkins@pillsburylaw.com |
| 9 | PILLSBURY WINTHROP SHAW PITTMAN, LLP |
|   | 2475 Hanover Street |
| 10 | Palo Alto, California 94304-1114 |
|   | (650)233-4500 • Fax: (650)233-4545 |
| 11 | |
|   | Attorneys for Defendant |
| 12 | eTelecare Global Solutions, Inc. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PETER MIKHALEV, an individual, | ) | Case No. CV08-05888 DSF (Ex) |
| | ) | |
| Plaintiff, | ) | [~~PROPOSED~~] PROTECTIVE ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| ETELECARE GLOBAL SOLUTIONS, INC. a Philippines Corporation; and DOES 1 through 10, inclusive; | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

\\\

Case 2:08-cv-05888-DSF-E   Document 21-2   Filed 05/01/2009   Page 2 of 17

1.  <u>Purposes and Limitations</u>

Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

This Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. As set forth in Section 10, below, this Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.  <u>Definitions</u>

2.1   <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel (and their support staff).

2.2   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

2.4 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in Disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.7 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.8 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9 <u>House Counsel</u>: attorneys who are employees of a Party.

2.10 <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.11 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.

1       2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium etc.) and their employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this litigation.

3. <u>Scope</u>

The protections conferred by this Protective Order cover not only Protected Materials (as defined above), but also any information copied or extracted there from, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. <u>Duration</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. <u>Designating Protected Material</u>

      5.1   <u>Exercise of Restraint and Care in Designating Material for Protection.</u>

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material,

1 documents, items, or oral or written communications that qualify – so that
2 other portions of the material, documents, items or communications for which
3 protection is not warranted are not swept unjustifiably within the ambit of this
4 Order.

5       Mass, indiscriminate, or automatic designations are prohibited.
6 Designations that are shown to be clearly unjustified, or that have been made
7 for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case
8 development process, or to impose unnecessary expenses and burdens on other
9 parties), expose the Designating Party to sanctions.

10       If it comes to a Party's or a non-party's attention that information
11 or items that it designated for protection do not qualify for protection at all, or
12 do not qualify for the level of protection initially asserted, that Party or non-
13 party must promptly notify all other parties that it is withdrawing the mistaken
14 designation.

15       5.2   <u>Manner and Timing of Designations</u>: Except as otherwise
16 provided in this Order (*see infra* § 5.2(a), ¶ 2), or as otherwise Ordered,
17 material that qualifies for protection under this Order must be clearly so
18 designated before the material is disclosed or produced.

19       Designation in conformity with this Order requires:
20       (a)   <u>for information in documentary form</u> (apart from
21 transcripts of depositions or other pretrial or trial proceedings), that the
22 Producing Party affix the legend "CONFIDENTIAL" on each page that
23 contains protected material. If only a portion or portions of the material on a
24

1   page qualifies for protection, the Producing Party also must clearly identify the
2   protected portion(s) (*e.g.*, by making appropriate markings in the margins).
3           A Party or non-party that makes original documents or
4   material available for inspection need not designate them for protection until
5   after the inspecting Party has indicated which material it would like copied
6   and produced. After the inspecting Party has identified the documents it wants
7   copied or produced, the Producing Party must determine which documents, or
8   portions thereof, qualify for protection under this Order, then, before
9   producing the specific documents, the Producing Party must affix the legend
10  "CONFIDENTIAL" on each page that contains Protected Material. If only a
11  portion or portions of the material on a page qualifies for protection, the
12  Producing Party also must clearly identify the protected portion(s) (*e.g.*, by
13  making appropriate markings in the margins).
14          (b)   <u>for testimony given in deposition or in other pretrial</u>
15  <u>or trial proceedings,</u> that the Party or a non-party offering or sponsoring the
16  testimony, identify on the record, before the close of the deposition, hearing,
17  or other proceeding, or within 20 days after notification that the certified
18  transcript is available, that testimony, or portions thereof, qualify as
19  "CONFIDENTIAL" material. If practicable, specific portions of testimony
20  may be designated during or before the close of the deposition, hearing or
21  proceeding; however, any Party or non-party providing notice that testimony
22  may be Protected Material shall identify the specific portions of the testimony
23  as to which protection is sought no later than 20 days after notification that the
24  certified transcript is available. Except as provided in section 5.3 below or

1  elsewhere herein, only those portions of the testimony that are appropriately
2  designated for protection within the 20 day period shall be covered by the
3  provisions of this Protective Order.
4         Transcript pages containing Protected Material must be
5  separately bound by the court reporter, who must affix to the top of each page
6  the legend "CONFIDENTIAL" as instructed by the Party or non-party
7  offering or sponsoring the witness or presenting the testimony.
8         (c)  <u>for information produced in some form other than</u>
9  <u>documentary, and for any other tangible items,</u> that the Producing Party affix
10 in a prominent place on the exterior of the container or containers in which the
11 information or item is stored the legend "CONFIDENTIAL." If only portions
12 of the information or item warrant protection, the Producing Party, to the
13 extent practicable, shall identify the protected portions, specifying whether
14 they qualify as "Confidential."
15    5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an
16 inadvertent failure to designate qualified information or items as
17 "Confidential" does not, standing alone, waive the Designating Party's right to
18 secure protection under this Order for such material. If material is
19 appropriately designated as "Confidential" after the material was initially
20 produced, the Receiving Party, on timely notification of the designation, must
21 make reasonable efforts to assure that the material is treated in accordance
22 with the provisions of this Order.
23 \\\
24 \\\

1    6.    Challenging Confidentiality Designations

    6.1    Timing of Challenges: Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2    Meet and Confer: A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue—other means of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

    6.3    Judicial Intervention: A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent

1  declaration that affirms that the movant has complied with the meet and confer
2  requirements imposed in the preceding paragraph and that sets forth the
3  specificity the justification for the confidentiality designation that was given
4  by the Designating Party in the meet and confer dialogue.
5    The burden of persuasion in any such challenge proceeding shall
6  be on the Designating Party. Until the court rules on the challenge, all parties
7  shall continue to afford the material in question the level of protection to
8  which it is entitled under the Producing Party's designation.
9   7. <u>Access to and Use of Protected Material</u>
10   7.1 <u>Basic Principles</u>: A Receiving Party may use Protected
11 Material that is disclosed or produced by another Party or by a non-party in
12 connection with this case only for prosecuting, defending, appealing, or
13 attempting to settle this litigation. Such Protected Material may be disclosed
14 only to the categories of persons and under the conditions described in this
15 Order. When the litigation has been terminated, a Receiving party must
16 comply with the provisions of Section 11 herein, titled <u>Final Disposition</u>.
17   Protected Material must be stored and maintained by a Receiving
18 Party at a location and in a secure manner that ensures that access is limited to
19 the persons authorized under this Order.
20   7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>:
21 Unless otherwise ordered by the Court or permitted in writing by the
22 Designating Party, a Receiving Party may disclose any information or item
23 designated CONFIDENTIAL only to:
24

1         (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

6         (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

10        (c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

13        (d) the Court and its personnel;

14        (e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

17        (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Protective Order;

23        (g) any person who prepared a particular document, or is listed on the face of such document as a recipient, or is the original source of

1 the information, or who is likely to have received a copy of the document in
2 the ordinary course of business or prior employment; and
3        (h) any person to whom the Designating Party agrees in
4 writing that Protected Material may be disclosed.
5        7.3   <u>Inadvertent Production of Protected or Privileged
6 Information.</u>
7        (a) The Parties do not intend to produce documents, items
8 or information subject to the attorney-client privilege or work-product
9 immunity. The Parties have agreed that, despite reasonable efforts to identify
10 documents, items or information subject to attorney-client privilege or work-
11 product immunity, such materials may inadvertently be produced during
12 discovery. The Parties have further agreed that the production of documents,
13 items or information subject to the attorney-client privilege or work-product
14 immunity will be presumed to be inadvertent. The Parties have further agreed
15 that inadvertent production of documents, items or information subject to the
16 attorney-client privilege or work-product immunity (despite the Parties'
17 reasonable efforts to prescreen such documents and information prior to
18 production) does not waive the attorney client privilege or work product
19 immunity.
20        (b) If a Receiving Party discovers what it should
21 reasonably believe to be documents, items or information subject to the
22 attorney-client privilege or work-product immunity, or if the Producing Party
23 requests a recall of documents, items or information subject to the attorney-
24 client privilege or work-product immunity promptly after the Producing Party

learns of the inadvertent production of such materials, the Receiving Party agrees to (1) immediately cease using or reviewing the documents, items or information; (2) recover all copies, including copies placed on document management systems; (3) segregate such documents, items or information from other documents, items or information in the Receiving Party's possession; (4) certify that they have either destroyed or returned to the Producing Party the documents, items or information; and (5) thereafter not use any protected information obtained from the documents, items or information. A request by the Producing Party for recall of documents shall be made to the Receiving Party's counsel of record and may be accomplished by first class mail, email, facsimile, or telephone call with confirming email or letter delivered by first class mail.

(c) If the Receiving Party disagrees with the Producing Party's recall request, the Receiving Party shall comply with steps (1) through (3) in paragraph 7.3(b), shall not make further copies, transcriptions, or use of the pertinent material, and shall place such documents, items or information in a secure container located in a secure location in the offices of the Receiving Party's counsel of record. The Receiving Party must notify the Producing Party in writing, within 10 days of receipt of the Producing Party's recall request, of the Receiving Party's disagreement and provide an explanation for the disagreement. Thereafter the Parties shall meet and confer regarding the issue. To the extent that the issue is not resolved within an additional 30 days, the Producing Party shall file a motion demonstrating that the disputed discovery material is subject to a privilege against production and that

1  production was inadvertent. Upon order of the court, agreement of the Parties,
2  or expiration of the 10 day period for the Receiving Party to notify the
3  Producing Party of its disagreement after receiving the recall request without
4  such notification of disagreement having been given, the Receiving Party
5  promptly shall certify that it has either destroyed or returned to the Producing
6  Party all copies of the recalled documents, items or information in its
7  possession and thereafter not use any protected information obtained from the
8  documents, items or information.

9         8.    <u>PROTECTED MATERIAL SUBPOENAED OR</u>
10 <u>ORDERED PRODUCED IN OTHER LITIGATION.</u>

11       If a Receiving Party is served with a subpoena or an order issued
12 in other litigation that would compel disclosure of any information or items
13 designated in this action as "CONFIDENTIAL," the Receiving Party must so
14 notify the Designating Party, in writing (by fax, if possible) immediately and
15 in no event more than three court days after receiving the subpoena or order.
16 Such notification must include a copy of the subpoena or Court order.

17       The Receiving Party also must immediately inform in writing the
18 Party who caused the subpoena or order to issue in the other litigation that
19 some or all the material covered by the subpoena or order is the subject of this
20 Protective Order. In addition, the Receiving Party must deliver a copy of the
21 Protective Order promptly to the Party in the other action that caused the
22 subpoena or order to issue.

23       The purpose of imposing these duties is to alert the interested
24 parties to the existence of this Protective Order and to afford the Designating

1 Party in this case an opportunity to try to protect its confidentiality interests in
2 the court from which the subpoena or order issued. The Designating Party
3 shall bear the burdens and the expenses of seeking protection in that court of
4 its confidential material – and nothing in these provisions should be construed
5 as authorizing or encouraging a Receiving Party in this action to disobey a
6 lawful directive from another court.

        9.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately, (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

        10.     <u>FILING PROTECTED MATERIAL</u>

        Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

\\\

11. <u>FINAL DISPOSITION</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, and Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Materials that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Materials. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order, as set forth in Section 4 (DURATION), above.

12. <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief</u>: Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

Case 2:08-cv-05888-DSF-E   Document 22   Filed 05/01/09   Page 16 of 17   Page ID #:208
Case 2:08-cv-05888-DSF-E   Document 21-2   Filed 05/01/2009   Page 16 of 17

1          12.2  <u>Right to Assert Other Objections</u>: This Order does not

2  affect the rights of the Parties to object to disclosing or producing any

3  information or item on any ground not addressed in this Protective Order.

4  Similarly, it does not affect the rights of the Parties to object on any ground to

5  use in evidence of any of the material covered by this Protective Order.

6

7  PURSUANT TO THE STIPULATION OF THE PARTIES,

8  IT IS SO ORDERED.

9

10  Dated: MAY 1, 2009.

11                                      Charles F. Eick
                                    United States Magistrate Judge

701533843v1         - 16 -         Case No. CV08-05888 DSF (Ex)
                                                              [PROPOSED] PROTECTIVE ORDER

# EXHIBIT A:

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____ _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Mikhalev v. eTelecare Global Solutions, Inc., et al.*, Case No. CV08-05888 DSF (Ex) (the "Order").

I agree to comply with and to be bound by all the terms of the Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [full name] of _____ [full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Order.

Date: _____   City and State where sworn and signed: _____

Printed name: _____   Signature: _____